*Northern District*

## No. 8263

# NANCY L. LANGELO
v.
# THE HOME INSURANCE COMPANY

Argued: November 14, 1974. Decided: June 16, 1976.

Case tried to *Tuttle, J.,* in the District Court of Natick. Number: 16369.

Present: Cowdrey, P.J.; Forts, Flynn, J.J.

**Cowdrey, P.J.** The plaintiff, a passenger in a motor vehicle insured by the defendant under the provisions of G.L.c. 90, §34A, received certain facial injuries necessitating plastic surgery as a result of an accident occurring on July 15, 1971.

The policy of insurance in issue provides "for payment to the named insured . . . or passenger of the insured . . . motor vehicle . . . of all reasonable expenses *incurred within two years from the date of the accident* for necessary medical, surgical, x-ray and dental services . . . to the amount or limit of two thousand dollars . . . .". (emphasis supplied)

The plaintiff seeks recovery within the statutory limits for plastic surgery to be performed *after* the

expiration of the two year limit provided for in the policy.

It was stipulated that if the plaintiff was entitled to recover the finding would be in the amount of $1,719.60.

The report indicates that at a time, which was within the two year period, namely March 6, 1973, the defendant received from the plaintiff a report from a plastic surgeon which stated that "the contract price to correct the facial injuries which the plaintiff received as a result of the July 15, 1971 accident is $3,000.00 and that payment in advance is required."

The court found for the defendant and denied the plaintiff's request for ruling "that as a matter of law, a plastic surgeon's report that states the contract price is $3,000.00 and that payment in advance is required, is an expense incurred for medical services within the provisions of G.L.c. 90, §34A as amended" and the appeal is before this Division on the correctness of that ruling. There was no error.

This is a case of first impression. We are required to construe the language contained in the statute according to its contemporary usage, having consideration however for the legislative history and scheme under which such statute was enacted, *Commonwealth v. Welosky,* 276 Mass. 398 (1931).

In the enactment of G.L.c. 90, §34A, it appears that "the statute affords the citizen the security of prompt and certain recovery to a fined amount of the most salient amounts of his out of pocket expenses," *Pinnick v. Cleary,* 360 Mass. 1 (1971), regardless of fault, in those cases where the prospect of recovery

for pain and suffering is minimal and in such cases has set an outside limit of two years for the payment of expenses which accrue within that period.

██ In the more serious motor vehicle personal injury cases, of which this appears to be one, where the plaintiff is not barred from recovery for pain and suffering by the restrictions set forth in G.L.c. 231, §6D, he still has his common law remedy against a tortfeasor. This would include the right to recover for medical expenses without regard as to when the expenses were incurred and subject only to G.L.c. 260, §4, which provides a period of limitation within which the tort action must be commenced.

██ If one chooses to seek recovery under the statute in issue, we adopt the position put forth by Kenney Jr. and McCarthy, in their article " 'No-Fault' in Massachusetts, Chapter 670, Acts of 1970, A Synopsis and Analysis", 55 MLQ 23, 32 (1970), that *"only expenses actually incurred within two years* of the date of the accident are recoverable. It follows, therefore, that expenses for future medical care or future surgery, no matter how certain it is, if beyond the two year period it is not included within the available benefits . . . . Unless some *legally binding* arrangement is made with the doctor so that these expenses may be deemed to have been incurred, they would appear to be beyond the coverage of the act." (emphasis supplied)

In the case at bar the plaintiff has incurred no liability to the physician. Although couched in contractual language, the physician's report can only be construed as an offer subject to acceptance. There was no acceptance therefore no contract, no obligation and therefore no incurred expense as required by the statute.

**Report dismissed.**